UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE HOLLOWAY, | : | Case No. 1:25-cv-298 |
| Plaintiff, | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| CINCINNATI POLICE DEPARTMENT, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Antoinette Holloway, a resident of Atlanta, Georgia, has filed a complaint, amended complaint, and second amended complaint in this Court. (*See* Doc. 1, 4, 6). For the following reasons, the complaint, as amended,[1] should be **DISMISSED**.[2]

As defendants to this action, Holloway names the State of Ohio, Hamilton County Justice Center, Cincinnati Police Department, Sheriff Charmaine McGuffey, and Governor Mike

---

[1] Holloway's second amended complaint supersedes the prior complaints and serves as the operative complaint in this action. See Fed. R. Civ. P. 15(a)(2). *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted). The undersigned notes that in the original and first amended complaints, Holloway included Rodney Hinton, Jr. as a plaintiff to this action and purported to bring the action on his behalf. (*See* Doc. 4 at PageID 15). However, it does not appear that Holloway is an attorney licensed to practice law in this Court. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself"); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (stating that 28 U.S.C. § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves"). Nor has Holloway demonstrated authority to prosecute this case on Hinton Jr.'s behalf. *See Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003).

[2] On May 8, 2025 a Notice of Deficiency was issued in this case, directing Holloway to pay the filing fee or file a motion for leave to proceed *in forma pauperis* within thirty (30) days. (Doc. 2). To date, more than thirty days later, Holloway has failed to comply with the Notice. Ordinarily the undersigned would issue a Deficiency Order or recommend that this action be dismissed for failure to prosecute. However, for the reasons stated below, because Holloway does not have standing and this Court is without subject matter jurisdiction over this case, it is recommended that the complaint be dismissed.

DeWine. (Doc. 6 at PageID 20-21). According to plaintiff, "[t]his action arises from the systemic violation of civil and constitutional rights in connection with the excessive use of force, unlawful detention, discriminatory treatment, obstruction of justice, and failure to protect by state and county actors in Ohio, resulting in the death of Ryan Hinton and ongoing harm to Rodney Hinton Jr." (*Id.* at PageID 20).

However, it is clear from the face of the complaint that Holloway has no standing to bring causes of action involving alleged injuries suffered by other persons and, therefore, this Court lacks subject matter to consider her complaint. As an Article III court, the District Court only has the power to resolve actual cases and controversies. U.S. Const. Art. III, § 2. To satisfy the case or controversy requirement, the plaintiff must have standing to bring the cause of action based on a showing that she "has suffered an 'injury in fact,'" which is "fairly traceable to the challenged act[s] of the defendant[s]" and likely to be redressed by a favorable decision. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Judy v. Pingue*, No. 2:08cv859, 2009 WL 4261389, at *1-2 (S.D. Ohio Nov. 25, 2009). The relevant showing for purposes of Article III standing is "injury to the plaintiff." *Friends of the Earth*, 528 U.S. at 181. Because Holloway has not shown that she herself has suffered an injury in fact which is fairly traceable to the defendants' challenged conduct, this Court lacks subject matter jurisdiction to consider the complaint. It is therefore **RECOMMENDED** that the complaint be **DISMISSED** for lack of subject matter jurisdiction.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge